## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CLAUDETTE RICHARDS, | Civil Action No.: |
| Plaintiff, | |
| | _____ |
| v. | |
| GASTONE MOUNTAIN SNF, LLC, | |
| Defendant. | JURY DEMAND |

## COMPLAINT

Plaintiff Claudette Richards ("Plaintiff") files this Complaint against Defendant Gastone Mountain SNF, LLC. ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), because Defendant willfully violated the FLSA by failing to pay Plaintiff for all hours worked over 40 per week.

### JURISDICTION AND VENUE

2.     Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiff's claims because the claims raise questions of federal law.

3.     Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because at least one defendant resides in this division or a substantial

part of the events or omissions giving rise to the claims occurred in this division.

4.      Defendant is subject to personal jurisdiction in this Court because Defendant is authorized to do business in Georgia, has a registered agent in Georgia, and conducts substantial business in Georgia.

## PARTIES

5.      Defendant is a Delaware corporation with its principal office address located at 78 Birchwood Drive, Huntington Station, NY, 11746.

6.      Defendant may be served through its registered agent, Vcorp Agent Services, LLC, at 289 S Culver Street, Lawrenceville, GA, 30046.

7.      Plaintiff is an individual resident of Newton County, Georgia.

## DEFENDANT IS COVERED BY THE FLSA & EMPLOYED PLAINTIFF

8.      Defendant is a nursing home and long-term healthcare facility.

9.      In each of the three years preceding the filing of this Complaint, Defendant's annual gross sales or business done exceeds $500,000.

10.      Defendant employs two or more individuals who engage in commerce, the production of goods for commerce, or who handle, sell, or otherwise work with goods or materials that have moved in, or were produced for, commerce.

11.      For example, Defendant's employees regularly communicate across state lines using the internet, interstate mail, and telephone while performing their

job duties.

12.     Defendant's employees regularly handle and use materials that traveled through interstate commerce while performing their job duties, such as computers, telephones, fax machines, cleaning supplies, and food and beverage supplies.

13.     Defendant employed Plaintiff within the meaning of the FLSA.

14.     Defendant hired Plaintiff on or about July 2018.

15.     Defendant determined the employment practices applicable to Plaintiff.

16.     Defendant had the authority to change the employment practices applicable to Plaintiff.

17.     Defendant determined how much, and in what manner, Plaintiff was paid.

18.     Defendant determined the number of hours that Plaintiff worked each workweek.

19.     Defendant maintained Plaintiff's employment records, such as time and payroll records.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS

20.     Defendant employed the Plaintiff as a "Unit Manager."

21.     As a Unit Manager, Plaintiff's primary job duty was to provide primary and preventive care for a unit of elderly residents and manage the other CNAs and nurses assigned to the unit.

22.     Defendant paid Plaintiff an hourly rate of $25.00 per hour.

23.     Plaintiff frequently worked more than 40 hours per workweek while employed by Defendant.

24.     However, Defendant failed to pay Plaintiff 1.5 times her regular hourly rate for all hours worked over 40 per week.

25.     For example, Defendant has a policy of automatically removing a 30-minute lunch break from its employee's time records.

26.     Defendant automatically removed 30 minutes from Plaintiff's time records each day.

27.     Defendant removed 30 minutes from Plaintiff's recorded hours each day regardless of whether Plaintiff took a lunch break.

28.     Due the demands of her job, Plaintiff frequently worked during her lunch break.

29.     Plaintiff's supervisors saw Plaintiff continuing to work through her

lunch break.

30.     Despite knowing Plaintiff was not able to take her 30-minute lunch breaks, Defendant failed to pay Plaintiff for the time she spent working during her lunch breaks.

31.     Additionally, Defendant required Plaintiff to work off the clock at the end of her scheduled shift.

32.     Defendant paid Plaintiff no wages for the hours she worked off the clock after her scheduled shift.

33.     Defendant instructed Plaintiff to clock out of Defendant's timekeeping system each day before Plaintiff finished working to avoid paying Plaintiff overtime wages.

34.     At Defendant's instruction, Plaintiff clocked out of Defendant's timekeeping system at the end of her scheduled shift, approximately 5:00 p.m.

35.     However, Plaintiff was frequently not finished working when she clocked out of Defendant's timekeeping system.

36.     Plaintiff regularly continued working until approximately 7:00 p.m.

37.     Plaintiff continued working after clocking out approximately four days per week and thus accumulated no less than 8 hours of uncompensated hours per week.

38.     Defendant knew Plaintiff worked off the clock at the end of her scheduled shift because her supervisors instructed Plaintiff to clock out of the timekeeping system, but to continue working, and because they could see Plaintiff continuing to work despite clocking out of the timekeeping system.

39.     Defendant failed to maintain accurate records of all the hours Plaintiff worked in violation of the FLSA's recordkeeping provision.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

40.     Plaintiff was a non-exempt, hourly employee entitled to 1.5 times her regular rate of pay for all hours worked over 40 per week.

41.     Plaintiff regularly worked more than 40 hours per week.

42.     Defendant automatically deducted 30 minutes from Plaintiff's time records each day, despite knowing that Plaintiff did not always take a lunch break.

43.     Defendant also instructed Plaintiff to clock out of the timekeeping system and to continue working after clocking out.

44.     By requiring Plaintiff to work off the clock during her meal period and after the end of her recorded shift, Defendant willfully failed to pay Plaintiff 1.5 times her regular hourly rate for all hours worked over 40 per workweek.

45.     Because Defendant willfully violated the FLSA, Plaintiff is entitled to her unpaid wages, an equal amount in liquidated damages, and her attorney's fees

and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court enter judgment in her favor and:

(1)     Determine that Defendant violated Plaintiff's rights under the FLSA;

(2)     Determine that Defendant's violation of Plaintiff's rights under the FLSA was willful;

(3)     Award Plaintiff all unpaid overtime wages for a period of three years;

(4)     Award Plaintiff liquidated damages in an amount equal to her unpaid wages;

(5)     Award Plaintiff her reasonable attorney's fees, costs, and expenses; and

(6)     Award all other relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury.

Respectfully submitted: June 28, 2021

|  | */s/ Dustin Crawford* |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | Dustin L. Crawford |
| 75 Fourteenth Street, NE | Georgia Bar No. 758916 |
| Suite 2600 | Andrew Y. Coffman |
| Atlanta, Georgia 30309 | Georgia Bar No. 173115 |
| (404) 873 – 8000 | John L. Mays |
| dcrawford@pcwlawfirm.com | Georgia Bar No. 986574 |
| acoffman@pcwlawfirm.com | |
| jmays@pcwlawfirm.com | *Counsel for Plaintiff* |