# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLAUDETTE RICHARDS,<br><br>    Plaintiff,<br><br>v.<br><br>GASTONE MOUNTAIN SNF, LLC,<br><br>    Defendant. | Civil Action No.:<br><br>1:21-cv-2607-WMR |

## PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT GASTONE MOUNTAIN SNF, LLC

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Claudette Richards moves for default judgment in her favor and against Defendant GAStone Mountain SNF, LLC ("Defendant") for failing to appear and answer or otherwise defend this action for unpaid overtime wages under the Fair Labor Standards Act (FLSA).

### I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed a Complaint for Damages in this Court on June 28, 2021 (Doc. 1). In her Complaint, Plaintiff alleged that, as a Unit Manager at Defendant's nursing home, she frequently worked unpaid hours over

40 per week while providing primary and preventive care for a unit of elderly residents and managing the other nurses and assistants assigned to the unit. (Compl. ¶¶ 20-24.) For example, Defendant automatically removed a 30-minute meal period from Plaintiff's time records for each shift that she worked, despite knowing that Plaintiff was usually unable to take a meal break and continued working. (Compl. ¶¶ 25-30.) Likewise, Plaintiff frequently continued working at Defendant's instruction after being required to clock out at the end of her shift. (Compl. ¶¶ 31-36.) In her Complaint, Plaintiff alleged that she routinely worked at least eight uncompensated overtime hours per week. (Compl. ¶ 37.)

After Plaintiff filed her Complaint, Defendant was served through its registered agent, Vcorp Agent Services, LLC at 289 S. Culver Street, Lawrenceville, GA 30046, with a copy of the Complaint and Summons on June 30, 2021, and the executed proof of service was filed on July 6, 2021 (Doc. 3). Defendant's deadline to appear in this action was July 30, 2021. To date, Defendant has not responded. Plaintiff filed a Motion for Clerk's Entry of Default on August 27, 2021 (Doc. 5). The Clerk entered the

default against Defendant on August 30, 2021. Plaintiff now applies for default judgment against Defendant.

## II.   ARGUMENT AND CITATION TO AUTHORITY

Obtaining a default judgment is a two-step process. *Deforest v. Johnny Chisholm Global Events, LLC*, 2010 WL 1792094 at *7 (N.D. Fla. May 4, 2010). First, the clerk must enter a party's default when the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Fed. R. Civ. Pro. 55(a). Second, once a default is entered, the party seeking default must then apply for default judgment. Fed. Rule Civ. Pro. 55(b).

Due to Defendant's failure to appear to defend this lawsuit, the Court should enter a default judgment against GAStone Mountain SNF, LLC, pursuant to Fed. R. Civ. P. 55(b), and award Plaintiff her unpaid wages and liquidated damages under 29 U.S.C. § 216(b). Because Defendant's violations for the FLSA were willful, the statute of limitations for Plaintiff's claims is extended to three years from the filing of their original complaint. 29 U.S.C. § 255(a). Plaintiff also seeks her reasonable attorney fees and costs. 29 U.S.C. § 216(b).

Here, Plaintiff seeks unpaid wages and liquidated damages under the FLSA, which the Court may grant without an evidentiary hearing because all essential evidence has been filed on the record in connection with this motion. An evidentiary hearing as to damages is not always required and is left to the discretion of the Court. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.,* 449 Fed. App'x 908, 911–12 (11th Cir. 2011) (citing *Sec. & Exch. Comm'n v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)). In the Eleventh Circuit, an entry of default judgment without an evidentiary hearing on the amount of damages is appropriate when all the essential evidence is in the record. *Smyth,* 420 F.3d at 1232 n. 13 (citing *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 669 (5th Cir.1981)). When a request for monetary relief is made, the Court may enter judgment without a hearing if the Plaintiff's claims against Defendant are, (1) for a sum certain or for a sum which can be made certain by computation, (2) if the damages are capable of mathematical calculation, or (3) if the movant submits sufficient evidence to support the request for damages. *See S.E.C. v. Smyth,* 420 F.3d 1225, 1231 (11th Cir. 2005); *Adolph Coors Co. v. Movement Against Racism &*

*the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985); *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir.1979).

Because Defendant failed to keep accurate time records (Compl. ¶ 39), Plaintiff is entitled to prove her overtime damages through a just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff estimated that she worked at least eight unpaid overtime hours each week based on the automatic removal of a 30-minute meal period each shift and the work she was required to perform after clocking out at the end of her shift, which was often as many as two additional hours per shift. Using these undisputed facts in the record, Plaintiff shows that she is entitled to be paid for eight hours of overtime work per week at a rate of one and one-half times her regular rate of $27.00 per hour as a matter of just and reasonable inference. (Compl. ¶¶ 22 & 37.) Because Plaintiff's damages can be calculated precisely using these undisputed facts, no hearing will be necessary for the Court to enter a default judgment in her favor.

Using Plaintiff's regular hourly rate and her estimates of her unpaid hours (Compl. ¶¶ 22 & 37), Plaintiff shows the Court that her unpaid overtime wages are calculated as follows:

| Workweeks | Unpaid Hours/Week | Regular Rate | Overtime Rate | Unpaid Overtime |
|---|---|---|---|---|
| 128 | 8 | $27 | $40.50 | $41,472.00 |

In addition to her unpaid overtime wages, Plaintiff is also entitled to liquidated damages in an amount equal to her unpaid overtime. 29 U.S.C. § 216(b). Therefore, Plaintiff shows she is entitled to the following back wages and liquidated damages:

| Back Wages | Liquidated Damages | Total Due |
|---|---|---|
| $41,472.00 | $41,472.00 | $82,944.00 |

Finally, Plaintiff is also entitled to attorney's fees and costs of litigation. 29 U.S.C. § 216(b). Plaintiff's counsel will submit a fee petition in accordance with Federal Rule 54(d)(2)(B) and Local Rule 54.2(A)(2) (N.D. Ga.).

### III. CONCLUSION

Pursuant to Federal Rule 55(b)(2), Plaintiff requests the Court enter a default judgment against Defendant GAStone Mountain SNF,

LLC, in the amount of $82,944.00 to Plaintiff, and that the Court award Plaintiff her reasonable attorneys' fees and costs as presented in counsel's fee petition.

Respectfully submitted: December 2, 2021.

|  |  |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | */s/ John L. Mays* |
| 75 Fourteenth Street, NE | John L. Mays |
| Suite 2600 | Georgia Bar No. 986574 |
| Atlanta, Georgia 30309 | Andrew Y. Coffman |
| (404) 873 – 8000 | Georgia Bar No. 173115 |
| jmays@pcwlawfirm.com | Dustin L. Crawford |
| acoffman@pcwlawfirm.com | Georgia Bar No. 758916 |
| dcrawford@pcwlawfirm.com | *Counsel for Plaintiff* |

## CERTIFICATE OF COMPLIANCE & SERVICE

I hereby certify that *Plaintiff's Motion to Enter a Default Judgment Against Defendant GAStone Mountain SNF, LLC* has been prepared in compliance with Local Rule 5.1(B) and mailed by U.S. Postal Service to the following non-CM/ECF participants:

> GAStone Mountain SNF, LLC
> c/o Vcorp Agent Services, LLC
> 289 S. Culver Street
> Lawrenceville, GA 30046.

Respectfully submitted: December 2, 2021.

| | |
|---|---|
| | */s/ John L. Mays* |
| **PARKS, CHESIN & WALBERT, P.C.** | John L. Mays |
| 75 Fourteenth Street, NE | Georgia Bar No. 986574 |
| Suite 2600 | Andrew Y. Coffman |
| Atlanta, Georgia 30309 | Georgia Bar No. 173115 |
| (404) 873 – 8000 | Dustin L. Crawford |
| jmays@pcwlawfirm.com | Georgia Bar No. 758916 |
| acoffman@pcwlawfirm.com | |
| dcrawford@pcwlawfirm.com | *Counsel for Plaintiff* |